IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DANIEL E. KIRBY,**

    **Plaintiff,**

**vs.**                                                  **Case No. 4:06cv149-WS/WCS**

**RONALD JOHNSON, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 12. Plaintiff's amended complaint has been reviewed as is required by 28 U.S.C. § 1915A.

    Plaintiff's amended complaint alleges that on July 28, 2005, Defendant Johnson confiscated allegedly confidential legal documents presented by Plaintiff for mailing. Doc. 12. Plaintiff states that these documents were "addressed to top government officials of the United States." *Id.* Plaintiff also complains about being refused "notorial services" on several occasions by Defendants Johnson and Terri. *Id.* Plaintiff states that he complained to Defendants Dayan, Hosford, and Adams, who took no action to

correct the situation. *Id.* Plaintiff contends each of these Defendants are co-conspirators in denying Plaintiff his rights. *Id.* He asserts Defendants have denied him "the right to rebut the presumption of being the corporate fiction, all CAPITAL-LETTERS PERSON, i.e. DANIEL E. KIRBY, . . . when in fact, Plaintiff is a Non-U.S. Citizen, Non-U.S. Resident, Non-Citizen and Non-Resident Sovereign American, i.e. Daniel Kirby, and DANIEL E. KIRBY© is a Copyrighted, Commercial Trade name, i.e. not real, a Fiction." Doc. 12. He contends Defendants are guilty of treason, fraud, extortion, grand theft, robbery, committing an ongoing conspiracy, and are "denying [Plaintiff] access to the law by not allowing [Plaintiff] access to the Uniform Commercial Code." *Id.*

Plaintiff has presented copies of his grievances as attachments to the amended complaint. Doc. 12, exhibits. In the informal grievance, Plaintiff complained that documents he was sending to the President, the U.S. Attorney General, Florida Governor, and the Florida Attorney General were confiscated and read. Ex. B. Plaintiff contended that those documents were confidential and should not be read. *Id.* The response provided that the documents would be returned after Central Office reviewed the legality of Plaintiff's materials. *Id.*

The formal grievance presented a general complaint that his "legal mail/privileged mail has been unlawfully confiscated and is being read . . . ." Ex. C. Plaintiff contends that under the Department's rules, only the letterhead and signature may be read with incoming mail, and only the address read with outgoing mail. *Id.* The response to that grievances stated when if Plaintiff's mail "appears to be illegal in nature, it will be confiscated and referred to the Legal Department. if cleared it will be returned for processing." *Id.*

Plaintiff's appeal to the Secretary's Office only asserted that he was appealing the denial of his "informal grievance involving the reading and subsequent confiscation of [his] legal and privileged mail by Ronald John when presented for mailing." Ex. D. The appeal was denied, noting that the responses Plaintiff had received were appropriate. *Id.*

**ANALYSIS**

In the grievance process, Plaintiff did not bring any claim to prison officials' attention that he was denied notary services. Under the Prison Litigation Reform Act, a civil rights action concerning prison conditions may not be brought under § 1983 "by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is mandatory, and there is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Because Plaintiff did not present this claim in his grievances, it is unexhausted and cannot go forward. Thus, it is recommended that the claim concerning the denial of notary services be dismissed.

As for the claim concerning the interference with his mail, it does not appear that the mail which was allegedly "confiscated" and read was legal and/or confidential mail pursuant to the rules of the Florida Administrative Code.[1] These were not court documents or correspondence with attorneys or legal aid organizations. Thus, such mail is subject to review and may be confiscated to be reviewed prior to mailing.

---

[1] The definitions for routine mail, legal mail, and privileged mail are found in FLA. ADMIN. CODE R. 33-210.101, 33-210.102, and 33-2.10-103.

Case No. 4:06cv149-WS/WCS

Moreover, Plaintiff has not shown any injury resulting from the actions about which he complains. The grievance responses indicate Plaintiff's mail would be returned after review if found not to be illegal. It is permissible to prison officials to review such mail, and the grievances responses here suggest that after review, the mail was returned; thus, there was only a minor and short-lived interference. Plaintiff has failed to articulate facts indicating any prejudice from such a brief interference with his ability to mail documents. See Chandler v. Baird, 926 F.2d 1057, 1063 (11th Cir. 1991). Review by prison officials of Plaintiff's outgoing mail being sent to officials such as the President of the United States and Governor of the State of Florida would be within legitimate security interests. There is no constitutionally guaranteed right for a prisoner to engage in this type of correspondence with complete privacy where there is a legitimate governmental interest which is furthered by brief and limited inspection procedures.

Moreover, Plaintiff has not shown any injury to his First Amendment right of access to the courts or to petition the government through redress of grievances. See Bounds v. Smith, 430 U.S. 827, 97 S. Ct. 1491. 52 L. Ed. 2d 72 (1977) (reaffirming the long established principle that inmates have a fundamental constitutional right of meaningful access to the courts under the First Amendment), and cases cited therein. The Supreme Court has recognized that "it is fundamental" that prisoners' access to the courts "for the purpose of presenting their complaints may not be denied or obstructed." Johnson v. Avery, 393 U.S. 483, 485, 89 S. Ct. 747, 749, 21 L. Ed. 2d 718 (1969); Bass v. Singletary, 143 F.3d 1442, 1444 (11th Cir. 1998). However, these allegations do not demonstrate that Plaintiff was denied access to the courts, they simply indicate

Plaintiff's out-going mail was briefly confiscated, scanned, and reviewed.  Moreover, the conduct complained of must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim, Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996), and the legal claim must be either an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action.[2]  Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998).  The documents Plaintiff describes are such things as challenging his name as a corporate fiction, have a "copyrighted commercial tradename" and the like.  Such assertions are frivolous, and there is no actual injury in being delayed from sending such mail.  Lewis, 518 U.S. at 352-54, 116 S. Ct. at 2181.  There are no allegations indicating that Plaintiff's First Amendment rights have been violated, or that Plaintiff's access to the courts was hindered or impeded in any way.  Accordingly, Plaintiff's amended complaint fails to state a claim upon which relief may be granted, and this case should be dismissed.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 12, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 18, 2006.

---

[2] Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.  Lewis, 116 S. Ct. at 2182.

   <u>s/      William C. Sherrill, Jr.</u>
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.